IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA LEE LENOX, | No. 2:19-CV-1195-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on March 8, 2021. See ECF No. 20. Pending before the Court is Plaintiff's counsel's amended motion for an award of attorney's fees in the amount of $12,600.00 under 42 U.S.C. § 406(b). See ECF No. 25. Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff's representation in this case was provided by way of a June 27, 2019, contingent fee agreement whereby Plaintiff agreed to pay counsel 25% of all past-due benefits awarded by the agency. See ECF No. 25-3. Plaintiff initiated this action for judicial review of an unfavorable administrative decision on June 28, 2019. See ECF No. 1. Following briefing on the merits, the Court issued a memorandum opinion and order and the matter was remanded on March 8, 2021, for further administrative proceedings. See ECF Nos. 19 and 20. Pursuant to stipulation, Plaintiff was previously awarded $2,902.10 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), payable to Plaintiff less any offsets to be determined by the government. See ECF No. 23.

On July 8, 2021, the agency provided Plaintiff notice that her application had been granted, that she was awarded $62,518.52 in past-due benefits, and that $15,629.63 had been withheld, representing 25% due to counsel pursuant to the fee agreement. See ECF No 25-2. Plaintiff's counsel now seeks a reduced amount of the amount withheld by the agency – $12,600.00 – and agrees to reimburse Plaintiff the amount previously paid in EAJA fees and costs.

## II. DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the

1  claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D.
2  Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due
3  benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen
4  v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

5         The 25 percent statutory maximum fee is not an automatic entitlement, and the
6  court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535
7  U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful
8  claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In
9  determining the reasonableness of fees sought, the district court must respect 'the primacy of
10 lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then
11 testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting
12 Gisbrecht, 535 U.S. at 793 and 808).

13        The Supreme Court has identified five factors that may be considered in
14 determining whether a fee award under a contingent-fee agreement is unreasonable and therefore
15 subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S.
16 at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the
17 representative; (3) whether the attorney engaged in dilatory conduct in order to increase the
18 accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the
19 amount of time counsel spent on the case; and (5) the attorney's record of hours worked and
20 counsel's regular hourly billing charge for non-contingent cases. See id.

21        Finally, an award of fees under § 406(b) is offset by any prior award of attorney's
22 fees granted under the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796.

23        The Commissioner has not filed a response to Plaintiff's counsel's motion. In this
24 case, having considered the factors above, the Court finds Plaintiff's counsel's request reasonable
25 given the fee agreement with Plaintiff, the results achieved, and the lack of any evidence of
26 dilatory conduct designed to increase past-due benefits. In making this finding, the Court notes
27 that counsel has previously been awarded $2,902.10 under the EAJA, which Plaintiff's counsel
28 appropriately asks be ordered to offset any award requested in the current motion.


## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion, ECF No. 25, is granted and counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,600.00, paid to counsel by the Commissioner of Social Security out of past-due benefits awarded to Plaintiff and withheld on July 8, 2021, to the extent such benefits have not already been paid to Plaintiff; and

2. Counsel shall reimburse to Plaintiff $2,902.10 previously paid to counsel under the EAJA.

Dated:  December 10, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE